Curia, per

O’Neall, J.
The first ground of appeal makes the question whether the instrument in suit is a bond within the Act of 1798 (5 Stat. 330); for if it be not, then the plaintiffs as assignees can maintain no action: and of course the objection appearing on the declaration, the defendant’s demurrer to the replication opens the way to consider and allow it.
But I am still clear that the instrument declared on is a bond. It is under the seal of the defendant; it binds him to pay a sum certain to the obligee. This is, beyond all doubt, a debt by specialty, and that is a bond. That it is to be payable upon a con *248 tingency to arise out of the default of another, can be no objection, if, as the declaration avers, that contingency has happened; for then il became absolute, fixed and certain. The case of Cay vs. Galliott (4 Strob. 282,) is, however, a conclusive authority against the defendant.
The 2d ground cannot avail the defendant. The contract between Summer & Carroll preceded the execution of the obligation of the defendant; and is, therefore, to be regarded as merged in it. It might have been that Carroll was unable to get persons to join him as sureties in his bond; and hence, being unable to comply in the way stipulated, he resorted to a quasi contribution among his friends, each becoming liable for a particular sum. If this satisfied Summer, he might waive the mortgage. It was for the defendant and his associates to secure themselves, if they thought it necessary.
The motion to reverse the decision below is dismissed.
Evans, Wardl aw, Withers and Whitner, JJ., concurred.

Motion dismissed.